IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

INDIANAPOLIS FRUIT COMPANY, LLC,

            Plaintiff,

v.

EFAVL LLC d/b/a EARTH FARE INC. a/t/a EARTH FARE; EF MGMT OF NC, LLC;
DENNIS I. HULSING;
MICHAEL A. CIANCIARULO, JR.; and,
GREGORY J. FRANKE,

            Defendants.

Civil Action No._____

# COMPLAINT
(To Enforce Payment From Produce Trust)

Indianapolis Fruit Company, LLC ("Plaintiff" or "Indy Fruit"), by and through undersigned counsel, as and for its Complaint against Defendants, EFAVL LLC d/b/a Earth Fare Inc. a/t/a Earth Fare ("EFAVL"), EF Mgmt of NC, LLC ("EF Mgmt NC"), Dennis I. Hulsing ("Hulsing"), Michael A. Cianciarulo, Jr. ("Cianciarulo"), and Gregory J. Franke ("Franke") alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they transact business in this district and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

2. Venue in this district is based on 28 U.S.C. § 1391 in that the events giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff Indy Fruit is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. a). Defendant EFAVL is a North Carolina limited liability company with its principal place of business in Asheville, North Carolina, and an operating location in Prairieville, Kansas, that is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce for re sale by an affiliated grocery store chain known as "Earth Fare," with store locations in six (6) states in the southeastern part of the United States, and was at all relevant times subject to and licensed under the provisions of PACA.

b). Defendant EF Mgmt NC is a North Carolina limited liability company located at the same principal place of business as Defendant EFAVL in Asheville, North Carolina, as well as the shared operating location in Prairieville, Kansas, that upon information and belief, is in the business of managing EFAVL operations as well as the operations of other entities affiliated with Earth Fare, is and was at all relevant times listed as a principal on EFAVL's PACA license, and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

c). Defendant Hulsing, upon information and belief, is a resident of Vero Beach, Florida, the managing member of Defendant EFAVL, and the managing member of Defendant EF Mgmt NC, is and was at all relevant times listed as a principal on EFAVL's PACA license, and is and was in a position of control over and participated in the dissipation of the PACA trust assets belonging to Plaintiff.

d). Defendant Cianciarulo, upon information and belief, is a resident of Deland, Florida and is and was the President of Defendant EFAVL, who was in a position of control over and participated in the dissipation of the PACA trust assets belonging to Plaintiff.

e). Defendant Franke, upon information and belief, is a resident of Kansas City, Missouri and is and was the Chief Financial Officer of Defendant EFAVL, who was in a position of control over and participated in the dissipation of the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

6. Plaintiff first engaged in business transactions with Defendant EFAVL in or about October 2020, pursuant to an agreement whereby Plaintiff supplied EFAVL with fresh produce and other goods on fourteen (14) day credit terms, for a two (2) year term. Under the terms of the parties' agreement, EFAVL was entitled to financial incentives or rebates on net sales to EFAVL, provided that agreed terms and conditions were met.

7. The initial agreement between the parties was amended on June 1, 2021, to provide that the term of the parties agreement commenced November 10, 2020 and continued for 36 months, with the amount of financial incentives on net sales increasing each year, and a potential additional incentive being paid during year 2 and year 3, provided that agreed terms and conditions were met.

8. On November 11, 2024, the parties retroactively agreed that payment terms would be amended to twenty-one (21) day terms for the period November 11, 2023 through December 31, 2024, and that Indy Fruit would pay EFAVL increased financial incentives on net sales, provided that agreed terms and conditions were met. The November 11, 2024 agreement provided that the incentive program would not

automatically renew and that in the event agreed payment terms were not met, Indy Fruit was permitted in its discretion to apply any incentive earned to amounts owed to Indy Fruit by EFAVL.

9. The November 11, 2024 agreement between the parties expired on December 31, 2024. Subsequently, Indy Fruit continued to supply EFAVL on twenty-on (21) day payment terms.

10. Between July 16, 2025 and July 30, 2025, Plaintiff sold to EFAVL and delivered to affiliated Earth Fare grocery store locations specified by EFAVL, wholesale quantities of Produce and other goods that had been shipped in interstate commerce or contemplation thereof having a value of $590,688.13, with all sales being on twenty-one (21) day credit terms.

11. On or about August 8, 2025, EFAVL advised Plaintiff that it would no longer be using Plaintiff as a supplier for its grocery store locations.

12. Subsequently, the parties discussed payment of EFAVL's outstanding account with Plaintiff for unpaid Produce and goods, with EFAVL contending that it was owed a $100,000.00 rebate earned in 2025 and further advising Plaintiff that EFAVL would not pay any amount toward the outstanding balance unless a $100,000.00 rebate was credited to EFAVL's account.

13. On August 20, 2025, Plaintiff agreed to credit EFAVL's outstanding account with a $100,000.00 rebate, to which EFAVL was not otherwise entitled, in order to resolve the rebate dispute informally in exchange for EFAVL's immediate payment of the remaining balance of the account and credited EFAVL's account accordingly, reducing the outstanding balance owed to $490,688.13, of which the Produce portion was $429,647.40. EFAVL thereafter refused to pay any amounts of the outstanding balance owed to Plaintiff for Produce and other goods supplied, alleging that Plaintiff was not owed any further amount because EFAVL was owed additional rebates from prior years, a contention Plaintiff disputes.

14. At the time of receipt of the unpaid produce, Plaintiff became a beneficiary in a statutory trust under PACA ("PACA Trust"), which is designed to assure payment to produce suppliers and which consists

of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants, as well as all sums owed in connection with the Produce transactions.

15. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $429,647.40 by delivering to EFAVL invoices or other billing statements ("Invoices") containing the requisite statutory language, and Plaintiff remains a beneficiary thereof until full payment is made for the Produce and sums owed in connection with the Produce transactions.

16. Despite demand for payment, Defendants failed to pay for the Produce sold by Plaintiff when payment was due and presently owe Plaintiff the principal amount of $429,647.40 under the PACA Trust.

17. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

18. EFAVL is a trustee of the PACA Trust that it is required to hold for the benefit of Plaintiff.

19. Upon information and belief, Defendant EF Mgmt NC is and was a member and/or manager of EFAVL that exercised control over the assets and operations of EFAVL.

20. Defendants Hulsing, Cianciarulo, and Franke owe fiduciary obligations to Plaintiff by virtue of their respective roles at EFAVL and exercise of control over the assets and operations of EFAVL.

21. Pursuant to PACA, Defendants are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

22. Defendants' failure and apparent inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

## COUNT ONE
**(Injunctive Relief – All Defendants)**

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. Defendants' failure to make payment to Plaintiff of trust funds in the principal amount of

$429,647.40 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

25. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

## COUNT TWO
### (Failure to Pay Trust Funds – All Defendants)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Defendant EFAVL's affiliated and specified Earth Fare grocery stores received all of the Produce on which this action is based.

28. Defendants have failed to pay Plaintiff for the Produce that EFALVL's grocery stores received from Plaintiff.

29. Defendants' continuing failure to make payment to Plaintiff of trust funds in the principal amount of $429,647.40 violates PACA and PACA regulations.

30. As a direct and proximate result of these Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages in the principal amount of $429,647.40, plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

31. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

## COUNT THREE
### (Failure to Pay Promptly – All Defendants)

32. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 31 above as if fully set forth herein.

33. Defendant EFAVL's affiliated and specified Earth Fare grocery stores received all of the Produce on which this action is based.

34. Defendants have failed and refused to pay for the Produce within the period required by 7 C.F.R. § 46.2(aa)(5).

35. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the principal amount of $429,647.40, plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

## COUNT FOUR
### (Breach of Contract -- Failure to Pay For Goods Sold – Breach of Implied Duty of Good Faith and Fair Dealing --EFAVL)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. EFAVL's affiliated and specified Earth Fare grocery store locations received and accepted the Produce and other goods sold by Plaintiff.

38. EFAVL received Plaintiff's Invoices without objection on or about the dates indicated on the faces of the invoices.

39. Plaintiff's Invoices constitute valid and enforceable agreements between the parties.

40. EFAVL breached the terms of the Invoices by failing to timely remit payment for the Produce it received from Plaintiff.

41. Plaintiff has performed all of the duties, obligations, and conditions precedent on its part to be performed under the Invoices.

42. Defendant EFAVL intentionally made misleading statements in bad faith regarding payment of the outstanding balance of the Invoices to Plaintiff in August 2025 provided that a rebate of $100,000.00, to which EFAVL otherwise was not entitled, was credited to Defendant EFAVL's account.

43. Plaintiff reasonably relied upon Defendant EFAVL's misrepresentations regarding payment of the outstanding balance of the Invoices to Plaintiff and credited Defendant EFAVL's account with a $100,000.00 rebate in August 2025.

44. Following receipt of the $100,000.00 rebate, Defendant EFAVL subsequently failed and refused to pay any portion of the outstanding balance due to Plaintiff, in breach of EFAVL's implied duty of good faith and fair dealing.

45. As a direct and proximate result of the breach of contract by EFAVL, Plaintiff has suffered damages in the principal amount of $590,691.19, plus interest, costs, and attorneys' fees.

## COUNT FIVE
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Company Official – EF Mgmt NC)

46. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 42 above as if fully set forth herein.

47. Defendant EF Mgmt NC is and was a member and/or manager of EFAVL who operated EFAVL during the period of time in question and prior thereto, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

48. As a member and/or manager of EFAVL, EF Mgmt NC knew of and had full responsibility for EFAVL's operations and financial dealings.

49. As a member, and/or manager of EVALV, EF Mgmt NC had a fiduciary duty to ensure that EFAVL fulfilled its obligations and duties as a PACA trustee.

50. EF Mgmt NC breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA Trust claims when they became due.

51. EF Mgmt NC breached its fiduciary duties by failing to direct and ensure EFAVL fulfilled its statutory duties to preserve PACA Trust assets and pay Plaintiff for the Produce supplied.

52. EF Mgmt NC knew or should have known that EFAVL was in breach of the PACA Trust.

53. Defendant EF Mgmt NC's failure to direct EFAVL to maintain the PACA Trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

54. Defendant EF Mgmt NC participated in the breach of fiduciary duty owed to Plaintiff by EFAVL.

55. As a result of EF Mgmt NC's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA Trust and incurred damages in the principal amount of $429,647.40, plus interest, attorneys' fees, and costs.

## COUNT SIX
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Company Official – Dennis Hulsing)

56. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 52 above as if fully set forth herein.

57. Defendant Hulsing is and was an officer, member, and/or manager who operated EFAVL, and EF Mgmt NC during the period of time in question and prior thereto, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

58. As an officer, member, and/or manager of EFAVL and EF Mgmt NC, Hulsing knew of and had full responsibility for EFAVL's operations and financial dealings.

59. As an officer, member, and/or manager of EFAVL, Hulsing had a fiduciary duty to ensure that EFAVL fulfilled its obligations and duties as a PACA trustee.

60. EFAVL breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA Trust assets to pay all PACA Trust claims when they became due.

61. Defendant Hulsing breached his fiduciary duties by failing to direct and ensure EFAVL

fulfilled its statutory duties to preserve PACA Trust assets and pay Plaintiff for the Produce supplied.

62. Defendant Hulsing knew or should have known that EFAVL was in breach of the PACA Trust.

63. Defendant Hulsing's failure to direct EFAVL to maintain the PACA Trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

64. Defendant Hulsing participated in the breach of fiduciary duty owed to Plaintiff by EFAVL.

65. As a result of Defendant Hulsing's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiaries in the PACA Trust and incurred damages in the principal amount of $429,647.40, plus interest, attorneys' fees, and costs.

## COUNT SEVEN
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Company Official – Michael A. Cianciarulo, Jr.)

66. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 62 above as if fully set forth herein.

67. Defendant Cianciarulo is and was a corporate officer who operated EFAVL during the period of time in question and prior thereto, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

68. As an officer of EFAVL, Cianciarulo knew of and had full responsibility for EFAVL's operations and financial dealings.

69. As an officer of EFAVL, Cianciarulo had a fiduciary duty to ensure that EFAVL fulfilled its obligations and duties as a PACA trustee.

70. EFAVL breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA Trust assets to pay all PACA Trust claims when they became due.

71. Defendant Cianciarulo breached his fiduciary duties by failing to direct and ensure EFAVL fulfilled its statutory duties to preserve PACA Trust assets and pay Plaintiff for the Produce supplied.

72. Defendant Cianciarulo knew or should have known that EFAVL was in breach of the PACA Trust.

73. Defendant Cianciarulo's failure to direct EFAVL to maintain the PACA Trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

74. Defendant Cianciarulo participated in the breach of fiduciary duty owed to Plaintiff by EFAVL.

75. As a result of Defendant Cianciarulo's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiaries in the PACA Trust and incurred damages in the principal amount of $429,647.40, plus interest, attorneys' fees, and costs.

## COUNT EIGHT
**(Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Company Official – Gregory J. Franke)**

76. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 72 above as if fully set forth herein.

77. Defendant Franke is and was a corporate officer who operated EFAVL during the period of time in question and prior thereto, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

78. As an officer of EFAVL, Franke knew of and had full responsibility for EFAVL's operations and financial dealings.

79. As an officer of EFAVL, Franke had a fiduciary duty to ensure that EFAVL fulfilled its obligations and duties as a PACA trustee.

80. EFAVL breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA Trust assets to pay all PACA Trust claims when they became due.

81. Defendant Franke breached his fiduciary duties by failing to direct and ensure EFAVL fulfilled its statutory duties to preserve PACA Trust assets and pay Plaintiff for the Produce supplied.

82. Defendant Franke knew or should have known that EFAVL was in breach of the PACA Trust.

83. Defendant Franke's failure to direct EFAVL to maintain the PACA Trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

84. Defendant Franke participated in the breach of fiduciary duty owed to Plaintiff by EFAVL.

85. As a result of Defendant Franke's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiaries in the PACA Trust and incurred damages in the principal amount of $429,647.40, plus interest, attorneys' fees, and costs.

## COUNT NINE
### (Interest and Attorneys' Fees)

86. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 82 above as if fully set forth herein.

87. PACA and the Invoices at issue entitle Plaintiff to recover interest against Defendants at a rate of 18% per annum.

88. PACA and the Invoices at issue entitle Plaintiff to recover costs and attorneys' fees in the event that Defendants violate their obligations by failing to pay Plaintiff for the Produce sold to EFAVL.

WHEREFORE, Plaintiff respectfully prays that the Court enter the following relief:

a. That upon proper application by Plaintiff, the Court enter appropriate injunctive relief against all Defendants, that enjoins and restrains Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requires the turnover to Plaintiff of PACA Trust funds in the possession of

third parties.

b. That the Court enter a judgment against all Defendants enforcing payment from the PACA trust by requiring immediate payment of $429,647.40 to Plaintiff, plus interest, costs, and attorneys' fees.

c. That the Court enter a judgment against Defendants, jointly and severally, in the principal amount of $429,647.40, plus interest, costs, and attorneys' fees.

d. That the Court enter a judgment in favor of Plaintiff and against Defendant EFAVL in the amount of $590,691.19, plus interest, costs, attorneys' fees.

e. That the Court enter a judgment against Defendant EF Mgmt NC, in the amount of $429,647.40, plus interest, costs, and attorneys' fees.

f. That the Court enter a judgment in favor of Plaintiff and against Defendant Hulsing in the amount of $429,647.40, plus interest, costs, and attorneys' fees.

g. That the Court enter a judgment in favor of Plaintiff and against Defendant Cianciarulo in the amount of $429,647.40, plus interest, costs, and attorneys' fees.

h. That the Court enter a judgment in favor of Plaintiff and against Defendant Franke in the amount of $429,647.40, plus interest, costs, and attorneys' fees.

i. That the Court enter a judgment against all Defendants, jointly and severally, for prejudgment interest, costs, and attorneys' fees.

j. That the Court tax Defendants with the costs of this action, including Plaintiff's reasonable attorneys' fees and interest allowed by law; and

k. That the Court grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 29th day of December, 2025.

SEARSON, JONES, GOTTSCHALK & CASH, PLLC

By: /s/ W. Scott Jones
W. Scott Jones, N.C. State Bar No. 18262
scott@lawyersasheville.com
Stephen L. Cash, N.C. State Bar No. 39101
steve@lawyersasheville.com
21 Battery Park Avenue, Suite 205
Asheville, NC 28801
Direct: (828) 254-0804
Office: (828) 252-5555

*Attorneys for Plaintiff*